UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

MISC. ACTION NO. 06-02-DLB

UNITED STATES OF AMERICA,                                          PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT
                            AND RECOMMENDATION**

ALLISON LITTLETON,                                               DEFENDANT.

        This matter was assigned to the undersigned Magistrate Judge for a hearing pursuant to a Probation Violation Report filed by the United States Probation Office.  At the final revocation hearing on December 20, 2006, the parties expressed concern about Defendant's competency and made a joint oral motion for a competency evaluation of the Defendant.  [R. 7.]  That motion was granted, and Defendant was committed to the custody of the Attorney General for the purpose of conducting psychiatric and/or psychological testing.  [R. 8.]  Upon completion of that testing, Dr. James Shadduck, Ph. D., Forensic Psychologist, submitted his forensic evaluation of the Defendant to both counsel and the Court.  [See R. 18.]  Ultimately, Dr. Shadduck's report concluded that Defendant does not suffer from a mental disease or defect which causes her to be unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

This matter was subsequently scheduled for a hearing on April 25, 2007, to determine the Defendant's competency.   At said hearing, Defendant was personally present and represented by counsel, Hon. Robin Webb.  The United States was represented by Assistant United States Attorney Frances Catron-Malone.  United States Probation Officer Brandan Hall was also present.

The parties then advised the Court that they stipulated to the findings in Dr. Shadduck's report, agreed that Defendant was fully competent, and indicated that the case could proceed.  Upon questioning from the Court, the Defendant endorsed counsels' statements and confirmed that she understood the nature of the proceedings and the charges she faced and was capable of assisting in her own defense.  After reviewing the forensic evaluation and considering the statements of counsel and the Defendant, the Court found Defendant competent to proceed.  [R. 16.]

Because Defendant was found competent, the hearing proceeded to address the Probation Violation Report dated December 7, 2006.  Counsel for the parties informed the Court that an agreement had been reached to resolve this matter.  As part of that agreement, Defendant stipulated to the six (6) violations contained in the Report of December 7, 2006. The Magistrate Judge, being fully advised, and after determining the voluntariness and factual basis of the stipulation and agreement, makes the following proposed Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

(1)     On May 19, 2003, the Defendant, pursuant to a plea of guilty to wire fraud, was

2

sentenced to a sixty (60) month term of probation by United States District Judge Robert C. Chambers in the Southern District of West Virginia.[1]  As a special condition of probation, Defendant was ordered to six (6) months of home detention.  The Defendant was also ordered to pay restitution in the amount of $27,379.36, participate in a program of testing and counseling for drug and alcohol abuse, and to undergo mental health treatment.

(2)     On October 11, 2006, the Defendant pled guilty to several charges, including theft by unlawful taking and shoplifting.  She was sentenced to six-months custody, with all but 75 days of that sentence being probated.  The Defendant further violated the terms of her probation by failing to notify the probation officer of these arrests.

(3)     The Defendant has failed to submit the required monthly reports to the Probation Office for the months of October, November, and December of 2005.  She also has failed to submit reports since May 2006.

(4)     The Defendant has not submitted to the Probation Office, Monograph 114 Financial Documents, which are required for any defendant ordered to pay restitution.  The Defendant failed to file these documents when required, in December of 2005 and May of 2006.

(5)     The Defendant has been inconsistent in making restitution payments.  She has not made a payment since August 3, 2006, and to date is $290 in arrears.

---

[1] Transfer of jurisdiction from the Southern District of West Virginia to the Eastern District of Kentucky was completed on October 16, 2006.  [R. 1.]

3

## CONCLUSIONS OF LAW

The above stipulation and report prove, by clear and convincing evidence, that the

Defendant has violated the following conditions of her supervision:

1. The defendant shall not commit another federal, state or local crime.

2. The defendant shall report to the U.S. Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3. The defendant shall answer truthfully all inquiries by the Probation Officer  and follow the instructions of the Probation Officer.

4. The defendant shall notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

5. The defendant shall pay restitution in the amount of $27,379.36 in monthly installments of $450.

6. The defendant shall provide any requested financial information to the probation officer.

The most serious of these violations is a Grade C violation.  Pursuant to Guideline

§7B1.3(a)(2), upon the finding of a Grade C violation, the Court may: "(A) revoke probation

or supervised release; or (B) extend the term of probation or supervised release and/or

modify the conditions of supervision."

Pursuant to Guideline §7B1.4(a), it would appear that, should the Court revoke

Defendant's probation based on a Grade C violation and a criminal history category of I, the

period of imprisonment would be three (3) to nine (9) months.  The maximum term of

imprisonment, however, would be not more than twenty-four (24) months.  See 18 U.S.C.

§ 3583(e)(3).  Of course, the Guidelines are advisory in nature, to be considered by the

4

District Judge along with all relevant factors in exercising his sentencing discretion.

During the revocation portion of the hearing, counsel for the parties and the supervising officer advised the Court that they have agreed to a recommendation that the Defendant's probation should not be revoked.  Counsel further agreed that the Defendant's probation should be modified to include several special conditions, as set forth below.  The Defendant subsequently waived her right of allocution and executed a written statement to that effect in open court.  [See R. 17.]

### **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED as follows:

(1)     That Defendant be released immediately from the custody of the United States Marshal;

(2)     That Defendant be given credit for time served while she was in custody of the Attorney General for a psychological evaluation;

(3)     That Defendant's term of probation, and the conditions thereof, continue pursuant to her original sentence, with the following special conditions to be imposed:

(a)     Defendant is required to have frequent visits, on up to a weekly basis, with and as directed by the Probation Office;

(b)     Defendant is required to continue and/or participate in a mental health program, including but not limited to treatment with a psychologist, nurse practitioner, or other medical practitioner authorized to prescribe appropriate medication for Defendant, as directed and approved by the Probation Office;

5

(c)     Defendant is required to seek and maintain employment, approved by the Probation Office, as a W-2 wage earner;

(d)     Defendant is directed to take all medication, as prescribed, by her physician, psychiatrist, or other health care provider;

(e)     Defendant is required to refrain from any use of alcohol.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed April 26, 2007.



Signed By:

*Edward B. Atkins*  ℰβẠ

**United States Magistrate Judge**

6